**MAGTRL**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

00 DEC -7 PM 3:37

COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

v.                                        Case No. 99-1558-Civ-T-23F

R.J. FITZGERALD & CO., INC.; RAYMOND
FITZGERALD; LEIZA FITZGERALD; GREG
BURNETT; AL CORINGRATO; and CHUCK
KOWALSKI,

    Defendants.

## ORDER

This cause came on for consideration without oral argument on the following motions:

1. Plaintiff's Motion to Bar Certain Defense Witnesses, filed October 6, 2000 (Dkt. 65); Defendants' Response in Opposition to Plaintiff's Motion to Bar, filed October 17, 2000 (Dkt. 66); Plaintiff's Response to Defendants' Opposition, filed November 3, 2000 (Dkt. 70).

2. Defendants' Motion to Strike Amended Complaint, filed November 7, 2000 (Dkt. 71); Plaintiff's Memorandum in Opposition to Motion to Strike, filed November 13, 2000 (Dkt. 74).

3. Defendants' Motion to Modify the Pretrial Schedule, filed November 16, 2000 (Dkt. 76).

4. Defendants' Motion to Strike Errata to the Amended Complaint, filed November 17, 2000 (Dkt. 79).

5. Defendants' Motion to Modify Pretrial Schedule Relating to Dispositive Motion Deadline, filed December 1, 2000 (Dkt. 92).



Plaintiff's Motion to Bar Certain Defense Witnesses

Defendants made their first Fed.R.Civ.P. 26(a)(1)(A) disclosure of persons likely to have discoverable information to Plaintiff on September 13, 1999. On August 1, 2000, Defendants supplemented that disclosure with the identification of three additional witnesses. On September 15, 2000, the deadline for supplementation of disclosures and responses, Defendants disclosed thirteen additional witnesses. Plaintiff now contends that these thirteen witnesses should be barred as disclosure is untimely.

The relevant statute provides :

"A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances: (1) A party is under duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . ." Fed.R.Civ.P. 26(e).

The Case Management Report provides a deadline of September 15, 2000 for making 26(e) supplementary disclosures. Defendants' disclosure of thirteen additional witnesses falls within the period provided by the parties. In the Court's order of November 25, 2000 (Dkt. 67), the Court gave Plaintiff an opportunity to respond to Defendants' opposition memorandum which contends among other things that the statutory supplement was made within the period set by the parties' stipulated Case Management Report. Plaintiff failed to address the 26(e) supplement provision.

As such, this Court finds that Defendants' disclosure of these additional witnesses is a proper supplementation within the period provided by the parties' Case Management Report. Accordingly, Plaintiff's motion to bar certain defense witnesses is DENIED.

Defendants' Motion to Strike Amended Complaint

Defendants contend that Plaintiff's amended complaint is violative of Rule 8 of the Federal Rules of Civil Procedure which mandates that a complaint provide a short and plain statement of the claim or claims asserted. Defendants further contend that the amended complaint should be stricken because it alleges significantly new claims.

Defendants originally filed a 12(b)(6) motion to dismiss to the original complaint on the ground that, among other things, Counts I, II, and III failed to plead fraud with particularity (Dkt. 7.)

During the telephonic preliminary pretrial conference of September 28, 2000, the Court agreed with Defendants that the organization of Counts I, II, and III, the lack of sufficient factual allegations, as well as Plaintiff's repeated use of vague language like "among other things" and "including but not limited to" caused those counts of the complaint to be inadequate to give Defendants' notice of the allegations forming the basis of fraud.

During this conference, counsel for the defense made repeated requests to the Court to require Plaintiff to plead with particularity. Accordingly, by <u>ore tenus</u> order, the Court instructed Plaintiff to amend the complaint and to re-plead Counts I, II, and III with particularity and advised Plaintiff to specify all the factual allegations forming the basis of fraud. The Court also instructed Plaintiff to set forth the factual basis for <u>de facto</u> control. The Court further ordered Plaintiff to amend the "churning" count, to remove vague language from the complaint and to set forth specific factual allegations.

Upon reviewing Plaintiff's amended complaint, this Court finds that Plaintiff complied with the Court's specific orders entered at the behest of Defendants and that the amended complaint does not violate Rule 8. The Court also finds that Defendants are not prejudiced by the amended

-3-

complaint as the factual allegations which form the basis of the complaint have been previously disclosed to Defendants. Defendants' broad, general assertions to the contrary are undermined by specific factual evidence submitted by Plaintiff in its response to the motion to strike the amended complaint.

Finally, considering that Defendants specifically requested a more specific complaint, it is at best disingenuous of Defendants to now oppose the resulting complaint which has been amended according to the Court's orders.

The Court does, however, agree with Defendants' contention that Count IV of the amended pleading attempts to augment the count rather than plead with more specificity. The Commission's amended complaint purports to add four additional accounts that were subject to the alleged churning. In its response to the motion to strike the amended pleading, Plaintiff claims that the Court asked Commission counsel how many customer *witnesses* it intended to use to prove that Defendants traded customer accounts for purpose of generating commissions without regard for customers' interest. Therefore, Plaintiff suggests it was not limited in its amendment to those customers identified in response to the Court's inquiry. In actuality, the Court asked the Commission the following questions and the Commission responded as indicated:

> Court: "Are these the sole customers that you [intend] to rely upon in your churning allegations?"
>
> Ms. Manley: "Yes, Your Honor."
>
> Court: "And there are seven and seven only?"
>
> Ms. Manley: "Yes, Your Honor."
>
> Court: "And the trades that are identified here are the only trades that constitute your churning trades?"

-4-

> Ms. Manley: "Yes, Your Honor. And that is the substance of Mr. Locke's -- pretty much the majority of Mr. Lock's expert report." (September 28, 2000 hearing transcript at page 34.)

Accordingly, at trial, the Court will consider only those seven customers listed in the original complaint as the basis for the "churning" count. The Commission is free, however, to call additional witnesses as necessary to support its allegations of systemic fraud asserted in Count III.

Accordingly, Defendants' motion to strike the amended complaint is DENIED except as it relates to the attempt to add customers accounts to Count IV.

Defendants' Motion to Strike the Errata to the Amended Complaint

Defendants' motion to strike the errata is DENIED. The Court will disregard the vague language "among other things" and "including but not limited to" and these terms shall have no effect. The Court will also accept by interdelineation the amendments to pages 2, 123, 124, 126, 127 and 131-133.

Defendants' Motion to Modify Pretrial Schedule

Defendants shall have until December 22, 2000, to submit its expert testimony information and to make that witness available for deposition. No modification of time is approved to the pretrial or trial schedule with this extension. Defendants' motion for modification of the pretrial schedule is otherwise DENIED.

Based on the foregoing, it is ORDERED that

1. Plaintiff's Motion to Bar Certain Defense Witnesses (Dkt. 65), filed October 6, 2000 is DENIED.

2. Defendants' Motion to Strike Amended Complaint (Dkt. 71), filed November 7, 2000 is DENIED.

3. Defendants' Motion to Modify the Pretrial Schedule (Dkt. 76), filed November 16, 2000 is DENIED.

4. Defendants' Motion to Strike Errata to the Amended Complaint (Dkt. 79), filed November 17, 2000 is DENIED.

6. Defendants shall disclose their expert testimony and make that witness available for deposition by Friday, December 22, 2000.

7. Defendants shall file their motion for summary judgment on or before December 15, 2000, and shall hand deliver or send overnight a copy of the motion for delivery to Plaintiff by the morning of December 16, 2000. Plaintiff's response will be filed before the close of business on December 29, 2000.

**DONE** and **ORDERED** in Tampa, Florida on December 7, 2000.

MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties