UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

Plaintiff,

v.                                                                  Case No. 8:99-cv-1558-T-MSS

R.J. FITZGERALD & CO., et al.,

Defendants.
_____/

ORDER

THIS CAUSE is before the Court for consideration of Defendants' Motion for Partial Summary Judgment (Dkts. 323)[1] and Plaintiff's response in opposition thereto (Dkt. 332). In their Motion for Partial Summary Judgment, Defendants ask the Court to grant summary judgment on Plaintiff's claims of restitution and disgorgement. On January 18, 2006, Plaintiff informed the Court of its decision not to pursue restitution and disgorgement against Defendants but stated that it would be seeking injunctive relief and the imposition of civil monetary penalties under the statute (Dkt. 313). Defendants claim that because Plaintiff decided not to pursue restitution and disgorgement, they are entitled to summary judgment on these claims.

Plaintiff argues that because there are no claims for restitution or disgorgement pending before the Court, summary judgement on such claims is unavailable, inappropriate and should be denied as moot. In support of this position, Plaintiff cites to Rule 56(b) of the Federal Rules of Civil

---

[1] Defendant, Leiza Fitzgerald filed an Unopposed Motion and Memorandum of Law for Enlargement of Time for Leave to Join in and Adopt Defendants R.J. Fitzgerald & Company's and Raymond J. Fitzgeralds's Motion for Partial Summary Judgment (Dkt. 328). That Motion is **GRANTED**.

Procedure, which read, in pertinent part that "[a] party against whom a claim, counterclaim, or cross-claim is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

Upon review of the parties' memoranda, the Undersigned finds that Plaintiff is correct. Because there are no claims of restitution and disgorgement pending before this Court, granting summary judgment on those issues would be inappropriate. Accordingly, Defendants' Motion for Partial Summary Judgment (Dkt. 323) is **DENIED AS MOOT**. Reference to restitution and disgorgement located specifically in Section VI (Relief Requested), subsections E and F of Plaintiff's Amended Complaint (Dkt. 69) shall be considered stricken from the Amended Complaint.

**DONE and ORDERED** in Tampa, Florida on this 26th day of April 2006.

MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record