UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,

v.                                                Case No.: 8:99-cv-1558-T-MSS

R.J. FITZGERALD & CO., *et al.*,

                Defendants.
_____/

## ORDER

This comes before the Court for consideration of Defendants' Motion to Strike Plaintiff's Exhibit List (Dkt. 324) and Memorandum in support thereof (Dkt. 325), as well as Plaintiff's Amended Exhibit List (Dkt. 334) and Opposition to Defendants' Motion to Strike (Dkt. 335).

Defendants filed the Motion to Strike because Plaintiff filed an Exhibit List (Dkt. 317) in which Plaintiff stated that it would be relying on "[a]ll exhibits, of any party, previously entered into evidence at the trial of this matter." (Dkt. 317 at 1) Defendants specifically noted:

> Given the narrow scope of the hearing - i.e., what sanctions, if any, should be imposed for defendants' use of a television commercial and seminar script on a few occasions in 1998 - such ambiguous listing of documents does not fulfill the requirements of the Court's case management orders. It simply cannot be the case that the [Plaintiff] will rely on exhibits related to most of its case on which defendants were exonerated.

(Dkt. 325 at 1).

Defendants further claimed that they will be substantially prejudiced by Plaintiff's failure to "precisely list its intended exhibits" (Dkt. 325 at 2) if Plaintiff's Exhibit List is accepted as filed.

In response, Plaintiff filed an amended and detailed Exhibit List (Dkt. 334). The Court finds

that because Plaintiff filed an amended Exhibit List (Dkt. 334), containing the specific documents upon which it intends to rely. Defendants' Motion to Strike is now moot. Accordingly, the Court ORDERS that Defendants' Motion to Strike (Dkt. 324) is **DENIED as MOOT**.

**DONE and ORDERED** in Tampa, Florida on this 16th day of May 2006.

MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

Copies to:   Counsel of Record