UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff,

v.                 Case No.: 8:99-cv-1558-T-MSS

R.J. FITZGERALD & CO., *et al.*,

      Defendants.
_____/

## ORDER

This comes before the Court for consideration of Plaintiff, the Commodity Futures Trading Commission's (the "Commission") Motion in Limine (Dkt. 316) and Defendants' response in opposition thereto (Dkt. 329).[1] Plaintiff filed its Motion in Limine in advance of the enforcement hearing scheduled to begin on June 6, 2006. The enforcement hearing is the result of the Eleventh Circuit's decision in CFTC v. R.J. Fitzgerald, 310 F.3d 1321, 1328 (11th Cir. 2002), *rehearing and rehearing en banc denied*, CFTC v. R.J. Fitzgerald & Co., Inc., 103 Fed. Appx. 668 (11th Cir. 2004). During the enforcement hearing, the Commission will be seeking injunctive relief and the imposition of civil monetary penalties upon Defendants for violations of the Commodity Exchange Act (the "Act").

In its Motion, the Commission asks the Court to bar the introduction of any evidence,

---

[1] The Court **GRANTS** Defendant, Ms. Leiza Fitzgerald's Motion for Joinder in Defendants R.J. Fitzgerald & Company's and Mr. Raymond J. Fitzgerald's Memorandum in Opposition to Plaintiff's Motion in Limine (Dkt. 329).

testimony or argument concerning Defendants' net worth or ability to pay any civil monetary penalty assessed by the Court. In support of this request, the Commission claims that changes to the Act in 1992 bar the introduction of such evidence.[2]

In response, Defendants claim that the law is clear that "net worth" and ability to pay are proper considerations for the imposition of civil penalties. In support of their claims, Defendants make several arguments, including that the Commission 1) ignores express terms of the statute that permit the imposition of a civil penalty only on a "proper showing;"[3] 2) fails to include relevant case law recognizing that ability to pay is a relevant consideration under Section 13a-1 of the Act; and, 3) does not disclose the statutory history of the 1992

---

[2] Specifically, Plaintiff claims that:

> Prior to the October 28, 1992 adoption of the Futures Trading Practices Act of 1992 . . . former Section 6(d) of the Act required that the Commission consider the appropriateness of the penalty to either a defendant's ability to stay in business or net worth when assessing a civil money penalty. In adopting Section 209 of the Futures Trading Practices Act of 1992, Congress removed these requirements from the Act. Consequently, under the current language found in Section 6(e) of the Act, once the Commission determines the applicable statutory maximum, it must only ensure that the civil penalty it imposes is appropriate to the "gravity of the violation" committed by a defendant . . . . Nowhere in the Act is there any language directing either the [Plaintiff] or this Court to consider a defendant's net worth when imposing a civil monetary penalty.

(Dkt. 316 at 4)

[3] Defendants cite to Section 13a-1(d)(1) of the Act, which provides in pertinent part, that the Commission "may seek and the court shall have jurisdiction to impose, on proper showing, on any person found in the action to have committed any violation of a civil penalty in the amount of not more than the higher of $100,000 or triple the monetary gain to the person for each violation." (Dkt. 326 at 2, citing to Section 13a-1(d)(1) of the Act)

2

amendments to the administrative penalty portion of the Act.

Based on review of the parties' respective filings, Plaintiff's Motion is **DENIED**. The case law cited by Defendants shows that the changes to Act in 1992 does not bar the introduction of such evidence. The Court will consider evidence of Defendants' "net worth" or ability to pay when determining the amount of civil penalties to assess in this case. What weight will be afforded such evidence will be evaluated upon its submission. Accordingly, Plaintiff's Motion in Limine (Dkt. 316) is **DENIED**.

**DONE and ORDERED** in Tampa, Florida on this 19th day of May 2006.

MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record